# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Annamarie Last Name Uncertain and 649 others, also known as Annamarie Riethmiller, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No: 3:12-cv-85 |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Electors for the State, | ) |
| Defendant. | ) |

The plaintiff ("Annamarie"), a citizen of Florida who is proceeding *in forma pauperis*, filed a 52 page typewritten document that the court has filed as a complaint. (Doc. 4). She also filed a motion to "transfer actions to the judicial panel on multidistrict litigation." (Doc. 7, Doc. 8). The plaintiff has filed similar, if not identical, federal lawsuits in at least 24 other districts, all on approximately the same date.[1] The majority of those cases have been deemed frivolous.

---

[1] See e.g., Riethmiller v. Electors for the State of Alabama, No. 2:12-cv-823 (M.D. Ala. Sept. 24, 2012); Riethmiller v. Electors for the State of Florida, No. 3:12-cv-493 (N.D. Fla. Oct. 12, 2012); LNU v. Electors for the State of Idaho, No. 4:12-cv-494 (D. Idaho Sept. 24, 2012); Riethmiller v. Electors for the State, No. 5:12-cv-4117 (D. Kan. Sept. 24, 2012); Riethmiller v. Electors for the State of Massachusetts, No. 4:12-cv-40127 (D. Mass. Sept. 24, 2012); Riethmiller v. Unknown Part(y)(ies), No. 1:12-cv-1043 (W.D. Mich. Sept. 24, 2012); Riethmiller v. Electors for the State of Montana, No. 9:12-cv-164 (D. Mont. Sept. 25, 2012); Last Name Uncertain v. Electors for the State, No. 6:12-cv-1725 (D. Or. Sept. 24, 2012); Riethmiller v. Electors for the State of Texas, No. 4:12-cv-106 (W.D. Tex. Sept. 28, 2012); Riethmiller v. Electors for the State, No. 1:12-cv-58 (W.D. Va. Oct. 2, 2012); Riethmiller v. Electors for the State of Indiana, No. 1:12-cv-335 (N.D. Ind. Sept. 24, 2012); Riethmiller v. Electors for the State, No. 2:12-cv-548 (E.D. Wash. Sept. 26, 2012); Riethmiller v. Unknown Parties, No. 2:12-cv-2034 (D. Ariz. Sept. 25, 2012); Riethmiller v. Electors for the State, No. 3:12-cv-128 (M.D. Ga. Sept. 28, 2012); Riethmiller v. US Electoral College, Electors, State of New Hampshire, No. 1:12-cv-363 (D.N.H. Sept. 24, 2012); Riethmiller v. Electors for the State of New Jersey, No. 1:12-cv-6109 (D.N.J. Sept. 25, 2012); Last Name Uncertain v. Electors for the State of Maine, No. 1:12-cv-293 (D. Me. Sept. 24, 2012); Annamarie v. Electors for the State, No. 1:12-cv-2536 (D. Colo. Sept. 24, 2012): Annamarie v. 619 Others, No. 1:12-cv-2934 (D. Md. Oct. 3, 2012); Annamarie v. Electros for the State of Nebraska, No. 8:12-cv-348 (D. Neb. Sept. 27, 2012); Annamarie v. Electors for the State, No. 2:12-cv-5767 (E.D. Pa. Oct. 2, 2012); Annamarie v.

Under 28 U.S.C. § 1915(e)(2), the court may review an *in forma pauperis* complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Annamarie's complaint is lengthy, rambling, and difficult to decipher. Annamarie appears to be bringing this action on behalf of herself and 649 mental health patients in Florida. Throughout her complaint Annamarie alleges a psychiatrist, who had a fraudulent license and was suffering from mental illness, made false allegations against the plaintiff and 649 others in court. For example, Annamarie states that the psychiatrist had a woman declared incompetent so that the woman's assets would be placed in an accounting firm in which the psychiatrist had an interest. Annamarie also alleges that her husband filed for divorce after the psychiatrist abused him. Annamarie contends the psychiatrist caused her husband to transfer his feelings for Annamarie to the psychiatrist, the psychiatrist moved Annamarie's husband into the psychiatrist's home, and as a result Annamarie's husband suffers from Stockholm Syndrome. Annamarie alleges that the judge who presided over her divorce knew the divorce was contested, but the judge treated it as a simple divorce, despite the judge's knowledge of the facts.

---

Electors for the State of Wisconsin, No. 1:12-cv-977 (E.D. Wis. Sept. 25, 2012); Annamarie v. Electors for the State of Delaware, No. 1:12-cv-1197 (D. Del. Sept. 24, 2012); Annamarie v. Electors for the Commonwealth of Kentucky, No. 3:12-cv-602 (W.D. Ky. Sept. 25, 2012).

Annamarie states that she asked the Florida courts to review all of the cases in which the psychiatrist testified, but the courts refused.

Annamarie alleges that President Obama knew that the plaintiff's and 649 others' rights were violated by the Florida courts, but President Obama violated his "oath to the Constitution" by failing to intervene.[2] Annamarie contends Florida judges, the psychiatrist, and President Obama were part of a conspiracy to deprive Annamarie and the others of their rights. Plaintiff states she "no longer [has] certainty as to [her] last name as a direct result of the President Obama regime" and she has suffered human rights violations as a result of the regime. (Doc. 4, p. 5). Annamarie asks this court to determine whether Obama violated his oath and whether he is a natural born citizen. Annamarie states that Obama is not a citizen, is ineligible to be president, and should not have been allowed to be on the ballot.[3] Id. It appears that Annamarie's filing, which she calls a "motion for declaratory orders and interdict," sought to keep the electors for the state of North Dakota from casting a vote for Obama.

---

[2] Annamarie also alleges that President Obama violated the Constitution by "launching an illegal war in Libya," appointing "czars," making "illegal recess appointments," denying that the individual health insurance mandate of the Affordable Care Act is a tax, refusing to enforce laws that he disagrees with, "stonewalling on Fast and Furious," and "allowing the FCC to grab the Internet." (Doc. 4, p. 52).

[3] Annamarie filed her motion for leave to proceed *in forma paupris* on September 24, 2012, in what appears to have been an effort to keep President Barack Obama off the ballot in the November election. A Notice of Direct Assignment was sent to Annamarie on October 9, 2012, which states, "Failure to submit the Consent/Reassignment Form in a timely manner may result in a delay in processing the case." (Doc. 5). On October 23, 2012, despite Annamarie not submitting the Consent/Reassignment Form, the court granted her motion to proceed *in forma pauperis* and her complaint was filed. (Doc. 4). On November 7, 2012, a second Notice of Direct Assignment was sent to plaintiff. Annamarie still has not submitted the Consent/Reassignment Form to the court, but the court nonetheless chose to conduct an initial review of the complaint. Even if the court had reviewed the complaint prior to the November 6, 2012 election, the outcome would have been the same.

Annamarie's complaint should be dismissed for several reasons. First, the facts alleged in Annamarie's complaint are irrational or wholly incredible. Specifically, her claims that Florida judges, the psychiatrist, and President Obama were part of a conspiracy to deprive Annamarie and the others of their rights, and that Annamarie is unsure of her last name because of President Obama are incredible. Additionally, none of those individuals are named defendants.

Second, the complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure which requires that a pleading contain "a short and plain statement of the ground for the court's jurisdiction" and "a short and plain statement of the claims showing that the pleader is entitled to relief." The court notes Annamarie is not a resident of North Dakota and has not alleged any facts involving a resident of North Dakota, and her pleading is anything but short and plain.

Finally, this matter must be dismissed for lack of jurisdiction because Annamarie does not have standing to bring this action.[4] "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751(1984). Annamarie has not alleged how the Electors of the State of North Dakota have harmed her. Additionally, she lacks standing to challenge President Obama's eligibility to run for or serve as President of the United States. "[A] plaintiff raising only a generally available grievance about government - claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no

---

[4] The court must dismiss an action that lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

more directly and tangibly benefits him than it does the public at large - does not state an Article III case or controversy." Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992). See also, Berg v. Obama, 586 F.3d 234, 240 (3rd Cir. 2009) ("Even if we assume that the placement of an ineligible candidate on the presidential ballot harmed [plaintiff], that injury, including any frustration [plaintiff] felt because others refused to act on his view of the law, was too general for the purposes of Article III . . . ."); Hollander v. McCain, 566 F.Supp.2d 63, 68 (D.N.H. 2008) (voter did not have standing to challenge Senator McCain's eligibility for the president under the natural born citizen clause).

It is **RECOMMENDED** that the complaint (Doc. 4) be **DISMISSED** without prejudice for lack of jurisdiction, and that the motion to transfer (Doc. 7) be **DENIED**. It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 13th day of March, 2013.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

**Notice of Right to Object**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than April 1, 2013, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.